RUTH A. HOLMES, PLAINTIFF IN ERROR, V. CHARLES B. HOLMES, DEFENDANT IN ERROR.

Service by Publication. An affidavit for the service of summons by publication, such as set out in full in the opinion, *Held*, To confer no jurisdiction and to be a nullity.

ERROR to the district court for Dakota county. Heard below before BARNES, J.

*Isaac Powers, Jr.*, for plaintiff in error.

No appearance for defendant in error.

COBB, CH. J.

In this case a divorce was granted at the suit of Charles B. Holmes against Ruth A. Holmes, in the district court of Dakota county. There was no appearance of the said defendant in that court; the service was by publication only. The defendant afterwards filed a motion to set aside the judgment on the ground that the same was null and void, for the reason that the court had no jurisdiction of the case at the time of rendering such judgment, because no summons was served upon the defendant, and that she had no knowledge of the pendency of the action at the time

of rendering judgment, and that the affidavit for publication was void and did not authorize service by publication. The motion was overruled, and upon the alleged error of the court in its overruling the cause is brought to this court on error.

The following is a copy of the affidavit of publication of the summons in this case, taken from the record:

"Charles B. Holmes ⎫
      vs.     ⎬  Afft. for publication.
Ruth A. Holmes ⎭

"Now comes said plaintiff, Charles B. Holmes, and being first duly sworn, says that he is now and for the last year and more has been a *bona fide* resident of the state of Nebraska, and that the affiant is now residing in the said county of Dakota.

"That the said defendant is a non-resident of and now absent from the state of Nebraska, and for that reason service of summons cannot be made upon her in Nebraska. That this is one of the cases provided for by the code of Nebraska when service by summons may be had by publication, and affiant desires that service in this case be made upon defendant by publication."

[Signed by the plaintiff and sworn to.]

In the case of *Atkins v. Atkins*, decided by this court and reported in 9th Neb., 191, it was held that an affidavit for service of summons by publication, somewhat similar to the above, was so defective that it gave the court no jurisdiction of the case. It will be observed that the affidavit states no fact as to the cause of action, or otherwise, whereby the court could ascertain whether the said cause was one of those wherein service could be made by publication or not. The affiant swears that it is, to be sure, but he swears to no fact which if proven to be false would form the basis of an indictment for perjury. For this reason, and following the case of *Atkins v. Atkins, supra,* the order of the district court in refusing the motion of the defendant to set

aside the decree in this case is reversed, the decree reversed, and the case remanded to the district court for further proceedings in accordance with law.

· JUDGMENT ACCORDINGLY.

THE other judges concur.